# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**September 3, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Mitchell Brozik,**
**Defendant Below, Petitioner**

**vs)  No. 18-0565** (Monongalia County 13-C-651)

**Betty Parmer,**
**Plaintiff Below, Respondent**

## MEMORANDUM DECISION

Petitioner Mitchell Brozik, pro se, appeals the May 25, 2018, order of the Circuit Court of Monongalia County directing (1) petitioner's former wife to turn items of petitioner's personal property in her possession over to the court's general receiver in partial satisfaction of a judgment against petitioner held by Respondent Betty Parmer; and (2) petitioner's attorney in his divorce case to pay to respondent $5,000 formerly held in in the attorney's client trust account. Respondent, by counsel S. Sean Murphy, filed a summary response in support of the circuit court's order.

The Court has considered the parties' briefs and the record on appeal.[1] The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner is respondent's nephew. In *Brozik v. Parmer*, Nos. 16-0238, 16-0292, and 16-0400, 2017 WL 65475 (W.Va. Jan. 6, 2017) (memorandum decision), we affirmed the circuit court's judgment against petitioner following a jury trial in respondent's favor in the amount of $1.5 million for breach of fiduciary duties, breach of contract, and fraud, and an additional

---

[1]In addition to the appellate record, we take judicial notice of a February 9, 2018, agreed order and a February 23, 2018, supplemental temporary order entered by the Family Court of Monongalia County in petitioner's divorce case, No. 16-D-283.

1

$200,000 in punitive damages, for a total award of $1.7 million. Shortly thereafter, a final divorce decree was entered on March 15, 2017, by the Family Court of Monongalia County in petitioner's divorce case, No. 16-D-283.

At a February 1, 2018, hearing before the family court, petitioner and his former wife reached an agreement regarding the distribution of assets. Petitioner's former wife agreed to relinquish her ownership of the marital home, which was titled solely in her name, and to return items of petitioner's personal property to him in exchange for $60,000 to be paid in installments. Petitioner's former wife further agreed to provide him with a detailed list of his personal property in her possession on or before February 10, 2018, and petitioner agreed to make the first installment payment, in the amount of $5,000, by 4:00 p.m. on February 9, 2018. The family court accepted the proposed agreement regarding the distribution of assets and entered an agreed order on February 9, 2018. However, at a February 23, 2018, hearing, petitioner asserted that his former wife failed to provide him with a detailed list of his personal property in her possession and argued that he should not be required to make the first installment payment until she did so. Accordingly, by order entered February 23, 2018, the family court found that petitioner and his former wife were incapable of cooperating in the distribution of their assets, and therefore, the marital home was to be sold with the net proceeds split between them.

Petitioner sought to prohibit the family court from enforcing its February 23, 2018, order by filing a petition for a writ of prohibition in the circuit court. In that matter, No. 18-C-95, respondent filed a motion to intervene in an effort to execute on her judgment against petitioner after becoming aware that petitioner's former wife possessed items of petitioner's personal property and that petitioner's divorce attorney had $5,000 in the attorney's client trust account (in anticipation of making the first installment payment to petitioner's former wife). At a March 21, 2018, hearing, the circuit court denied respondent's motion to intervene in the prohibition proceeding. At an April 2, 2018, hearing, the circuit court vacated the family court's February 23, 2018, order, directed petitioner's former wife to return his personal property to him, and directed petitioner's divorce attorney to pay the $5,000 to petitioner's former wife "on this day." The circuit court subsequently entered its order on April 17, 2018. Meanwhile, on or about April 10, 2018, respondent filed a motion to intervene in petitioner's divorce case. By order entered April 23, 2018, the family court denied respondent's motion to intervene and found that the circuit court's April 17, 2018, order to be controlling in petitioner's divorce case.

In the parties' civil action, respondent obtained a writ of execution on March 16, 2018, and served suggestions of personal property, pursuant to West Virginia Code § 38-5-10, on petitioner's divorce attorney on March 22, 2018, and on petitioner's former wife on April 2, 2018. Petitioner's former wife filed an answer to the suggestion on April 6, 2018. Petitioner's divorce attorney filed an answer on April 2, 2018, and an amended answer on April 19, 2018. On April 10, 2018, respondent filed a motion to compel petitioner's former wife to turn over petitioner's personal property and to compel petitioner's divorce attorney to pay respondent $5,000. At an April 30, 2018, hearing, petitioner's former wife informed the circuit court that she was willing to turn petitioner's personal property over to the court pursuant to the suggestion served on her. The circuit court directed that the property be turned over to the court's general receiver to be sold in partial satisfaction of respondent's judgment against petitioner. The circuit

2

court noted that, before such sales, the personal property items would be appraised, and petitioner would be allowed to raise whatever exemptions that the law allows against the execution of a judgment lien.

Regarding the $5,000 held in petitioner's divorce attorney's client trust account, the attorney informed the circuit court that he previously disbursed the money to petitioner's former wife on April 2, 2018, pursuant to the court's ruling in the prohibition proceeding that he pay the $5,000 "on [that] day." Petitioner's divorce attorney noted that "a third party" provided the $5,000 that the attorney disbursed to petitioner's former wife because the third party was purchasing the marital home and "[petitioner would] rent the home from the third party." The circuit court found that petitioner's divorce attorney was required to pay respondent $5,000 given his knowledge at the time he disbursed the $5,000 out of the client trust account that the funds were subject to execution by respondent. Accordingly, by order entered May 25, 2018, the circuit court directed petitioner's former wife to relinquish his personal property to the court's general receiver and directed petitioner's divorce attorney to pay respondent $5,000.

It is the circuit court's May 25, 2018, order that petitioner now appeals. "This Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges to findings of fact under a clearly erroneous standard; conclusions of law are reviewed *de novo*." Syl. Pt. 4, *Burgess v. Porterfield*, 196 W.Va. 178, 469 S.E.2d 114 (1996).

On appeal, petitioner argues that the denials of respondent's motions to intervene in the divorce/prohibition proceedings constituted decisions on the merits on her claims that she could execute on petitioner's personal property in his former's wife's possession and on the $5,000 held by his divorce attorney in the attorney's client trust account. Accordingly, petitioner argues that the doctrine of res judicata barred respondent from making similar claims in the parties' civil action. Respondent counters that the doctrine of res judicata does not apply to this case. We agree with respondent.

For the doctrine of res judicata to apply, three elements must coexist: (1) a final adjudication on the merits in the first proceeding; (2) the same parties, or persons in privity with those same parties, as the first proceeding; and (3) a cause of action in the second proceeding that is identical to the cause of action determined in the first proceeding—or such that it could have been resolved, had it been presented, in the first proceeding. *See* Syl. Pt. 4, *Blake v. Charleston Area Med. Ctr., Inc.*, 201 W. Va. 469, 498 S.E.2d 41 (1997). We find that none of the necessary elements exist in this case. While the divorce/prohibition proceedings included an adjudication of petitioner's and his former wife's rights regarding the distribution of assets, respondent was not a party to that adjudication given the denials of her motions to intervene. Likewise, respondent's rights to execute on petitioner's personal property and the $5,000 were not adjudicated as both the circuit court and the family court determined that respondent's rights were not at issue in petitioner's divorce case.

Petitioner further argues that, by the time the circuit court ordered his divorce attorney to pay respondent $5,000, the attorney had already disbursed the $5,000 out of the client trust

account.[2] In Syllabus Point 3 of *Park v. McCauley*, 67 W. Va. 104, 67 S.E. 174 (1910), we held that a person who disburses a judgment debtor's money despite notice of the judgment lien "is liable therefor" to the judgment creditor. *See Hatfield ex rel. Rose v. Cruise*, 121 W. Va. 742, 745, 6 S.E.2d 243, 245 (1939) (citing *Park*). Therefore, based on our review of the record, we concur in the circuit court's finding that petitioner's divorce attorney was required to pay respondent $5,000 given his knowledge at the time he disbursed the $5,000 out of the client trust account that it was subject to execution by respondent.

For the foregoing reasons, we affirm the circuit court's May 25, 2018, order directing (1) petitioner's former wife to turn items of petitioner's personal property in her possession over to the court's general receiver in partial satisfaction of respondent's judgment against petitioner; and (2) petitioner's divorce attorney to pay to respondent $5,000 formerly held in the attorney's client trust account.

Affirmed.

**ISSUED:** September 3, 2019

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

---

[2]As part of this argument, petitioner notes that the $5,000 held in the client trust account did not come from him. However, we find that petitioner fails to develop the separate argument that the $5,000 was not his property; therefore, we decline to address that issue. *See State v. LaRock*, 196 W. Va. 294, 302, 470 S.E.2d 613, 621 (1996) (stating that "[a]lthough we liberally construe briefs in determining issues presented for review, issues which are not raised, and those mentioned only in passing but are not supported with pertinent authority, are not considered on appeal"); *State v. Lilly*, 194 W. Va. 595, 605 n.16, 461 S.E.2d 101, 111 n.16 (1995) (finding that "casual mention of an issue in a brief is cursory treatment insufficient to preserve the issue on appeal") (Internal quotations and citations omitted.).